UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FLUIDMASTER, INC., WATER CONNECTOR
COMPONENTS PRODUCTS LIABILITY LITIGATION              MDL No. 2575


TRANSFER ORDER


**Before the Panel**:[*] Defendant Fluidmaster, Inc. (Fluidmaster) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Northern District of Illinois. Defendant's motion encompasses four actions[1] pending in four districts, as listed on Schedule A. The cases in this litigation involve alleged defects in Fluidmaster's NO-BURST water supply lines, which are used to connect a wall water supply to a household device, such as a toilet or dishwasher, that feature acetal plastic coupling nuts and/or stainless braided steel supply lines.

All parties agree that some degree of centralization is appropriate. Plaintiffs in three actions and a District of Arizona potential tag-along action support defendant's motion in its entirety. Plaintiffs in the Central District of California action support centralizing only coupling nut defect claims in the Central District of California and, under Section 1407(a), separating and remanding braided line defect claims.

After considering the argument of counsel, we find that these actions involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve common factual questions about the allegedly defective nature of Fluidmaster's NO-BURST water connector product lines. Specifically, plaintiffs allege that the lines fail in one of two ways: (1) the braided stainless steel lines rupture due to the use of substandard materials, or (2) the acetal coupling nut on the water connector fractures as a result of inferior materials and its sharp edged design. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings (especially with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary.

The Central District of California plaintiffs request that we centralize only the coupling nut claims and separate and remand any claims regarding the failure of the braided lines. We fail to see any benefit to this approach. The cases undoubtedly overlap factually. While the later-filed actions

---

[*] Judge Charles R. Breyer did not participate in the decision of this matter.

[1] The Panel has been notified of an additional related action pending in the District of Arizona. This action and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

involve two mechanisms of failure, all actions involve the same product line—Fluidmaster NO-BURST water connectors. All actions thus can be expected to share factual questions about the development, design, marketing and warranties applicable to the NO-BURST product line. Plaintiffs' proposed solution—returning all braided line failure claims to their respective transferor courts—adds inconvenience to defendant and some counsel by multiplying the courts in which they must litigate, injects an unnecessary degree of uncertainty into this litigation, and increases the risk of inconsistent pretrial rulings. Most importantly, plaintiffs in the cases pending outside of California do not allege separate claims in their complaints, and Section 1407 "does not authorize the Panel to transfer one issue raised by a claim ... while remanding another issue raised by the same claim." *In re Air Crash Disaster at Duarte, Cal. on June 6, 1971*, 346 F. Supp. 529, 530 (J.P.M.L. 1972); *see also In re Resource Exploration, Inc., Sec. Litig.*, 483 F. Supp. 817, 822 (J.P.M.L. 1980) ("[T]he Panel is not empowered to carve out issues for separate treatment under Section 1407.").

The Northern District of Illinois is an appropriate transferee district for these proceedings. It offers a geographically accessible forum for this nationwide litigation. Fluidmaster and plaintiffs in four of the five total pending actions support centralization in this district. Moreover, the broadest-based complaint, which includes allegations of braided line ruptures and coupling nut fractures, is pending there.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside of the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Robert M. Dow, Jr., for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell      Lewis A. Kaplan
Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry

IN RE: FLUIDMASTER, INC., WATER CONNECTOR
COMPONENTS PRODUCTS LIABILITY LITIGATION           MDL No. 2575

## SCHEDULE A

<u>Central District of California</u>

RENSEL, ET AL. v. FLUIDMASTER, INC., C.A. No. 8:14‑00648

<u>Northern District of Illinois</u>

SULLIVAN, ET AL. v. FLUIDMASTER, INC., C.A. No. 1:14‑05696

<u>District of New Hampshire</u>

HARDWICK v. FLUIDMASTER, INC., C.A. No. 1:14‑00363

<u>Western District of Pennsylvania</u>

HUNGERMAN, ET AL. v. FLUIDMASTER, INC., C.A. No. 2:14‑00994